UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CARLOS ESQUIVEL and GUSTAVO A. CARRASCO, individually and on behalf of others similarly situated, | Civil Action No. 4:15-cv-2971 |
| | JURY TRIAL DEMANDED |
| Plaintiffs, | |
| v. | |
| | COLLECTIVE ACTION |
| WEATHERFORD INTERNATIONAL, LLC, | PURSUANT TO 29 U.S.C. § 216(b) |
| Defendant. | |

## COLLECTIVE ACTION COMPLAINT

Plaintiffs Carlos Esquivel ("Esquivel") and Gustavo A. Carrasco ("Carrasco") (collectively "Plaintiffs"), through their undersigned counsel, individually and on behalf of all persons similarly situated, file this Collective Action Complaint against Defendant Weatherford International, LLC ("Defendant" or "Weatherford"), seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"). The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

### JURISDICTION AND VENUE

1. Jurisdiction over Plaintiffs' FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391. Plaintiffs performed work in this judicial district, and Weatherford does business within this judicial district.

## PARTIES

3. Plaintiff Carlos Esquivel is currently employed by Defendant Weatherford International, LLC as a Field Representative in the Case-Hole Completions Department, performing manual labor on oil and gas rigs in Texas. He has been employed by Weatherford from February 2011 through the present, and he has worked as a Field Representative during the relevant time period. Plaintiff Esquivel's written consent to be a Plaintiff in this action is attached hereto as Exhibit A.

4. Plaintiff Gustavo A. Carrasco is currently employed by Defendant Weatherford International, LLC as a Field Representative in the Case-Hole Completions Department, performing manual labor on oil and gas rigs in Texas. He has been employed by Weatherford from February 2011 through the present, and he has worked as a Field Representative during the relevant time period. Plaintiff Carrasco's written consent to be a Plaintiff in this action is attached hereto as Exhibit B.

5. Defendant Weatherford International, LLC ("Weatherford") is a subsidiary of Weatherford International, Ltd (NYSE: WFT). Weatherford International, LLC is a Delaware limited liability company that currently maintains its corporate headquarters in Houston, Texas. Weatherford provides equipment and services used in the drilling, evaluation, completion, production, and intervention of oil and natural gas wells worldwide. Weatherford also offers drilling services, rotary steerable systems, directional drilling services, controlled pressure drilling, managed pressure drilling, under balanced drilling, air drilling, well testing, drilling-with-casing and drilling-with-liner systems, and surface logging systems. Weatherford serves exploration, production, and transmission sectors of the oil and natural gas industry.

6. Weatherford employs Plaintiffs Esquivel and Carrasco and similarly situated

employees.

7.      Weatherford employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

8.      Weatherford's annual gross volume of sales made or business done exceeds $500,000.

9.      Weatherford is not an independently owned and controlled local enterprise within the meaning of 29 U.S.C. § 207(b)(3).

## CLASS DEFINITIONS

10.     Plaintiffs bring this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b) as a collective action on behalf of themselves and the following class of potential opt-in Plaintiffs:

> All current and former employees of Weatherford International, LLC ("Weatherford") who have worked in the Case-Hole Completions Department and have been paid pursuant to a salary plus day rate (also known as "field bonus" or "field service bonus" or "field job bonus") compensation plan, in the United States from October 12, 2012 to the present (the "Class").

11.     Plaintiffs reserve the right to redefine the Class prior to filing a motion for notice to similarly situated employees pursuant to 29 U.S.C. § 216(b), and thereafter, as necessary.

## FACTS

12.     Weatherford employs Class Members throughout the United States.

13.     From approximately February 2011 through the present, Plaintiff Esquivel has been employed by Weatherford. Plaintiff Esquivel has been employed by Weatherford as a Field Representative in the Case-Hole Completions Department in Texas during the relevant time period.

14. From approximately February 2011 through the present, Plaintiff Carrasco has been employed by Weatherford. Plaintiff Esquivel has been employed by Weatherford as a Field Representative in the Case-Hole Completions Department in Texas during the relevant time period.

15. The rigs on which Plaintiffs and the Class work are not used as a means of transportation.

16. Plaintiffs and Class Members are blue collar workers. They rely on their hands, physical skills, and energy, to perform labor in the oilfield. Weatherford requires them to have mechanical skills.

17. In the field, Plaintiffs and the Class Members are primarily engaged in manual labor duties such as handling, operating, monitoring, and maintaining tools and units at rig sites.

18. Plaintiffs and Class Members exercise little to no discretion in performing their jobs. Rather, Plaintiffs and Class Members perform duties that are specifically assigned by their supervisors or other officials at the rig sites.

19. Plaintiffs and Class Members also apply their knowledge of oil and gas drilling to follow prescribed procedures or determine which procedure to follow.

20. Plaintiffs and Class Members have no input as to staffing jobs or setting production goals. All decisions regarding staffing and production are handled by upper-level managers.

21. Plaintiffs and Class Members do not manage a customarily recognized department or subdivision of Weatherford.

22. Plaintiffs and Class Members do not direct the work of any other full-time employees or their equivalent.

4

23. Plaintiffs and Class Members have no discretion to hire or fire employees. All decisions regarding hiring and firing are handled by upper-level managers.

24. Plaintiffs and Class Members have no authority to discipline or promote employees. All decisions regarding discipline or promotions are handled by upper-level managers.

25. Plaintiffs and Class Members have no authority to enter into agreements or contracts with clients or customers. All decisions regarding customer agreements or contracts are handled by upper-level managers.

26. Plaintiffs and Class Members have no independent authority to spend company funds.

27. Plaintiffs and the Class are classified as non-exempt from the overtime pay mandates of the FLSA and corresponding state wage and hour laws.

28. Plaintiffs and the Class are paid a fixed salary per week, regardless of the number of hours worked each week.

29. In addition, Plaintiffs and the Class are paid a lump sum for each day they work in the field. This lump sum is known as a "day rate," "field bonus," "field job bonus," or "field service bonus."

30. Plaintiffs and the Class are also eligible to receive and do receive additional payments, such as car allowances, bonuses, incentive payments and/or commissions.

31. Weatherford does not maintain accurate records of the hours that Plaintiffs and the Class work each workday and the total hours worked each workweek as required by the FLSA. *See* 29 C.F.R. § 516.2(a)(7).

32. Plaintiffs and the Class routinely work in excess of forty (40) hours per week

each week.

33. Plaintiffs and the Class do not work a regular fixed number of hours in excess of forty (40) hours each workweek.

34. Plaintiffs and the Class do not work the same schedule each week.

35. Plaintiffs and the Class do not work the same number of days per week, or the same number of overtime hours (hours over forty) per week.

36. Plaintiffs estimate that they routinely work in excess of twelve (12) hours per day during many of their shifts. Plaintiffs have observed that the members of the Class routinely work similar schedules, which is common in the industry.

37. Plaintiffs often work many days in a row, because the rigs require constant work, and this is common in the industry. Indeed, Plaintiffs often work between ten (10) and twenty (20) days in a row, and sometimes more.

38. Neither the day rate nor the salary that Plaintiffs and the Class are paid take into account the number of hours worked by Plaintiffs and the Class in a given workweek.

39. Neither the day rate nor the salary that Plaintiffs the Class receive are determined with reference to any assigned hourly rate.

40. Weatherford does not pay Plaintiffs and the Class overtime compensation for hours worked over forty (40) per workweek.

41. As a subsidiary of a NYSE publicly traded company that has access to human resource expertise and legal counsel, there can be little doubt that Weatherford has personnel to advise it on its FLSA compliance obligations, yet it failed to properly classify Plaintiffs and members of the Class as non-exempt.

42. Weatherford has an affirmative obligation to assure compliance with the FLSA,

and failed to do so in misclassifying Plaintiffs and Class Members as exempt.

43.     Despite the fact that it knew or should have known that Plaintiffs and members of the Class perform non-exempt duties, and knew or should have known the contours of the FLSA, Weatherford continues to deliberately misclassify Plaintiffs and Class Members as exempt, and continues to pay them on a salary plus day rate basis in order to avoid paying overtime for all hours worked.

44.     Weatherford has acted willfully and with reckless disregard of clearly applicable FLSA provisions by failing to compensate Plaintiffs and the Class for hours worked in excess of 40 per week.

## COLLECTIVE ACTION ALLEGATIONS

45.     Plaintiffs bring this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the Class, as defined above.

46.     Plaintiffs desire to pursue their FLSA claims on behalf of all individuals who opt- in to this action pursuant to 29 U.S.C. § 216(b).

47.     Plaintiffs and the Class are "similarly situated" as that term is used in 29 U.S.C. § 216(b) because, inter *alia*, all such individuals currently work or have worked pursuant to Weatherford's previously described common business and compensation practices as described herein, and, as a result of such practices, have not been paid the full and legally mandated overtime premium for hours worked over forty during the workweek.  Resolution of this action requires inquiry into common facts, including, *inter alia*, Weatherford's common compensation, timekeeping and payroll practices.

48.     Specifically, Weatherford paid Plaintiffs and Class a set salary per week, plus a lump sum payment for every day they worked in the field, regardless of the number of hours that

Plaintiffs and the Class actually worked.

49. Weatherford pays Plaintiffs and the Class these payments, even though Plaintiffs and the Class do not work a fixed regular number of hours in excess of forty (40) hours each workweek.

50. The fixed sum paid to Plaintiffs and the Class by Weatherford is not related to any overtime rate calculated from salary payments.

51. The similarly situated employees are known to Weatherford, are readily identifiable, and can easily be located through Weatherford's business and human resource records.

52. Weatherford employ many Class Members throughout the United States. These similarly situated employees may be readily notified of this action through direct U.S. mail and/or other means, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

### COUNT I
### Violation of the FLSA

53. All previous paragraphs are incorporated as though fully set forth herein.

54. The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he/she is employed. *See* 29 U.S.C. § 207(a)(1).

55. The FLSA provides that, if an employee is paid a flat sum for a day's work or for doing a particular job, and if he receives no other form of compensation for services, the employee is entitled to extra half-time pay at his regular rate for all hours worked in excess of forty (40) in the workweek. *See* 29 C.F.R. § 778.112.

56. The FLSA also provides that "a lump sum which is paid for work performed during overtime hours without regard to the number of hours worked does not qualify as an overtime premium even though the amount of money may be equal to or greater than the sum owed on a per hour basis." 29 C.F.R. § 778.310.

57. Weatherford's compensation scheme applicable to Plaintiffs and the Class fails to comply with either 29 U.S.C. § 207(a)(1), 29 C.F.R. § 778.112, or 29 C.F.R. § 778.310.

58. Weatherford knowingly fails to compensate Plaintiffs and the Class at a rate of one and one-half (1 ½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1).

59. During all relevant times, Plaintiffs and the Class were covered employees entitled to the above-described FLSA protections.

60. Weatherford acted willfully and with reckless disregard of clearly applicable FLSA provisions. For example, Weatherford (1) failed to compensate Plaintiffs and the Class for hours worked in excess of forty (40) during the workweek, and (2) deliberately misclassified Plaintiffs and the Class as exempt under the FLSA in order to avoid paying them overtime when Weatherford required them to work for days on end in the field.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs seek the following relief on behalf of themselves and all others similarly situated:

A. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential members of the Class;

C. Back pay damages (including unpaid overtime compensation, unpaid spread of hours payments, and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

D. Liquidated damages to the fullest extent permitted under the law;

E. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

F. Such other and further relief as this Court deems just and proper.

### JURY TRIAL DEMAND

Plaintiffs demand a trial by jury for all issues of fact.

Dated: October 12, 2015

Respectfully submitted,

_____
Shanon J. Carson
Fed. ID No. 2330781
State Bar No. PA 85957
Sarah R. Schalman-Bergen
Fed. ID No. 2330780
State Bar No. PA 206211
Alexandra K. Piazza
Fed. ID No. 2330782
State Bar Nos. PA 315240; NJ 10922013
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA  19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
scarson@bm.net
sschalman-bergen@bm.net
apiazza@bm.net

Michael A. Josephson
Fed. Id. 27157
State Bar No. 24014780
Andrew Dunlap
Fed Id. 1093163

State Bar No. 24078444
Lindsay R. Itkin
Fed Id. 1458866
State Bar No. 24068647
Jessica M. Bresler
Fed Id. 2459648
State Bar No. 24090008
FIBICH, LEEBRON, COPELAND
BRIGGS & JOSEPHSON
1150 Bissonnet St.
Houston, Texas 77005
Tel: (713) 751-0025
Fax: (713) 751-0030
mjosephson@fibichlaw.com
adunlap@fibichlaw.com
litkin@fibichlaw.com
jbresler@fibichlaw.com

Richard J. (Rex) Burch
Fed. ID No. 21615
State Bar. No. 24001807
James A. Jones
State Bar. No. 10908300
BRUCKNER BURCH, PLLC
8 Greenway Plaza, Suite 1500
Houston, TX 77046
Telephone: (713) 877-8788
rburch@brucknerburch.com
jjones@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFFS**